UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. LEHIERI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:23-cv-03438 (UNA) ) |
| FEDERAL MARSHALS, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and dismisses this matter without prejudice for the reasons explained below.

Plaintiff, a pretrial detainee who is currently designated to the Niagara County Jail, sues the "Federal Marshals" for "due process" violations, that alleged occurred on July 5, 2023. *See* Compl. at 2, 4–5. As far as it can be understood, plaintiff contends that an unnamed "grievance coordinator" returned an administrative complaint that he had filed, likely due to some type of error. *See id.* at 4–5. He demands $100,000. *Id.* at 5. No other information is provided.

*Pro se* litigants must comply with the Local and Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). First, plaintiff does not provide the full address for defendant, in contravention of D.C. LCvR 5.1(c)(1). Second, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As presented, it is impossible for the court or defendant to identify plaintiff's intended claims. The complaint is devoid of any facts, details, or context to make out a cognizable cause of action. "While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983).

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: December 21, 2023

/s/ BERYL A. HOWELL
United States District Judge